FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 2 2 2025

TAMMY H. DOWNS, CLERK

By:_____
                    DEP CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

KONYA SANDS LLC

           Plaintiff,

v.

AMERICAN SILICA, LLC

           Defendant.

Case No. 3:25-cv-201-DPM

This case assigned to District Judge Marshall
and to Magistrate Judge Kearney

## COMPLAINT

Comes the Plaintiff, KONYA SANDS LLC, by and through its counsel, Gill Ragon Owen, P.A., and for its Complaint against the Defendant, AMERICAN SILICA, LLC, states and alleges:

### PARTIES, JURISDICTION & VENUE

1. Plaintiff, Konya Sands LLC ("Plaintiff" or "Konya Sands") is an Oklahoma limited liability company with its principal place of business located in Coweta, Oklahoma. Konya Sands is engaged in the business of mining, processing, and selling silica sand from its sites located in Newport, Cave City, and Bradford, Arkansas. Under 28 U.S.C. § 1332(c)(1), Konya Sands is a citizen of the State of Oklahoma.

2. Defendant, American Silica, LLC ("Defendant" or "American Silica") is a limited liability company organized under the laws of the State of Florida with its principal place of business located in Brooksville, Florida. American Silica is engaged in the business of sand mining and sales in Independence County, Arkansas. Under 28 U.S.C. § 1332(c)(1), American Silica is a citizen of the State of Florida.

3.      The amount in controversy in this case, exclusive of costs and interest, exceeds the sum of $75,000.00.

4.      This Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a) based upon the complete diversity of citizenship between Konya Sands and American Silica and the fact that the amount in controversy, exclusive of costs and interest, exceeds the sum of $75,000.00.

5.      This Court also has personal jurisdiction over American Silica because it has the requisite constitutional contacts with this forum and the State of Arkansas and Konya Sands' claims arise out of or relate to American Silicas' contacts and conduct in the State of Arkansas.

6.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to Konya Sands' claims occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

7.      In February 2025, Konya Sands purchased certain sand mining assets and properties, including locations in Newport and Cave City, Arkansas.

8.      Konya Sands expended substantial resources to restart operations at the sand mining sites as they had been closed for a substantial period of time prior to Konya Sands' acquisition of the assets.

9.      On or about July 25, 2025, Konya Sands received a purchase order from ███████ (the "Customer") for 33,000 tons of sand to be fulfilled by Konya Sands during the month of August, 2025 (hereinafter, the "Purchase Order"). A copy of the

Purchase Order, redacted to remove the Customer's identifying information, is attached hereto as **Exhibit 1** and incorporated by reference herein.

10.    The total amount to be paid by the Customer under the Purchase Order was $1,036,000. *See* **Exhibit 1**.

11.    The Purchase Order was Konya Sands' first major order since acquiring the sand mining assets and properties and, thus, represented a critical opportunity for Konya Sands to establish its reputation and position in the market.

12.    In reliance on the Purchase Order, and in order to fulfill same, Konya Sands mobilized specialized equipment, stripped and blasted new material and incurred other significant expenses in excess of $90,000.00.

13.    On August 1, 2025, Konya Sands began fulfilling the Purchase Order as contemplated by making sand available for the Customer's pickup and, on said date, the Customer begin picking up product from the Konya Sands' Newport facility.

### American Silica's Trespass, Tortious Interference and Bad Faith Complaints to Konya Sands' Customers, Prospective Customers, Local Authorities and Agencies

14.    On August 2, 2025, one (1) day after Konya Sands began fulfilling the Purchase Order, an agent or sales representative for American Silica entered Konya Sands' Newport site under false pretenses, misrepresenting himself as affiliated with a trucking company hauling loads from the site.

15.    The American Silica agent that entered Konya Sands' site under false pretenses on August 2, 2025 drove a vehicle around Konya Sands' site and took photographs of Konya Sands' ongoing operations without authorization.

16.    On or about August 3, 2025, an agent and representative of American Silica contacted the Customer directly via email, falsely alleging that he had observed Konya Sands engaging in unsafe practices at Konya Sands' facility, including loading trucks without fall protection. The American Silica representative further offered to provide photographs purporting to show these alleged conditions.

17.    Upon information and belief, the American Silica agent that entered Konya Sands' and took photographs of same without authorization is the same individual that made the false report to the Customer on or about August 3, 2025.

18.    The allegations made by American Silicas' representative about Konya Sands and to the Customer were relayed to Konya Sands by the Customer on or about August 3, 2025.

19.    Konya Sands reassured the Customer of its safe practices and that all operations were done in a safe manner and requested copies of the photographs offered by American Silica's representative.

20.    Upon information and belief, America Silica's representative also contacted prospective customers of Konya Sands, making the same, disparaging allegations against Konya Sands as he had to the Customer.

21.    On August 5, 2025, Konya Sands sent a written cease and desist letter to American Silica in relation to American Silica's representative's unauthorized trespass on Konya Sands' site on August 2, 2025 and disparaging statements made to Konya Sands' customers and prospective customers (the "Cease and Desist"), a copy of which is attached hereto as **Exhibit 2** and incorporated by reference herein.

22.     The Cease and Desist also warned American Silica about the dangers of having an unauthorized vehicle driving around an active operations site and demanded that all unauthorized and tortious activity cease immediately. *See* **Exhibit 2**.

23.     On or about August 5, 2025, inspectors from the U.S. Department of Labor Mine Safety and Health Administration ("MSHA") unexpectedly visited Konya Sands' site based on an anonymous complaint made to MSHA that included allegations mirroring those made by American Silica's representative on August 3, 2025.

24.     MSHA undertook an inspection of Konya Sands' site and left without a single finding of non-compliance or otherwise issuing any citation. A copy of the MSHA Complaint Allegations and Findings is attached hereto as **Exhibit 3** and incorporated herein by reference.

25.     On or about August 6, 2025, an inspector from the Arkansas Department of Environmental Quality ("ADEQ") unexpectedly visited Konya Sands' site in response to another anonymous complaint submitted to ADEQ regarding dust and sand blowing at Konya Sands' Newport site. ADEQ inspected Konya Sands' site and did not find any infractions.

26.     Upon information and belief, on or about August 8, 2025, an American Silica agent and/or employee approached the outskirts of Konya Sands' property and took photos Konya Sands' operations without permission or authority.

27.    On or about August 9-10, 2025, Konya Sands discovered that locks had been cut on its Newport site access gates during off-hours.

28.    Upon information and belief, Konya Sands' gate locks were cut by an agent and/or employee of American Silica.

29.    On or about August 13, 2025, an individual known to be the General Manager of American Silica was observed driving his vehicle on and around Konya Sands' Cave City site without permission or authority and in flagrant disregard for the Cease and Desist.

30.    The unauthorized entry by American Silica's General Manager onto Konya Sands' property, occurring after American Silica had received the Cease and Desist, demonstrates American Silica's willful disregard of Arkansas law and its malicious intent to interfere with Konya Sands' operations, contracts and business expectancies.

31.    On or about Friday August 15, 2025, several haul truck drivers moving semi-processed material from Konya Sands' Cave City site to the Newport site reported finding nails in their truck tires which occurred along the same route traversed by American Silica's General Manager the prior day.

32.    Upon information and belief, American Silica's General Manager scattered nails on Konya Sands' property and adjacent public roadway in an effort to further interfere with Konya Sands' operations and fulfillment of the Purchase Order.

33.    The actions of American Silica's agents, employees and General Manager described herein were carried out in their capacity as agents of American Silica acting for American Silica and subject to American Silica's control.

### Damages to Konya Sands' Contractual Relations and Business Expectancies

34.    As a direct result of American Silica's misconduct, the Customer repeatedly paused or slowed its pickups, expressing concern over alleged safety and environmental issues.

35.    By the end of August 2025, the Customer purchased only 22,000 of the contracted 33,000 tons of sand under the Purchase Order.

36.    The 11,000-ton balance of the Purchase Order, approximately $341,000 worth of product, was purchased by the Customer from American Silica instead.

37.    In addition to the lost sales, Konya Sands incurred substantial costs to strip, blast, and process sand to fulfill the full order with the Customer.

38.    Konya Sands has no immediate alternative buyer for the sand produced for the Purchase Order and must store this unsold product.

39.    American Silica's actions caused Konya Sands to lose sales, profits, and goodwill with the Customer, and to incur additional expenses and reputational harm.

### CAUSES OF ACTION

### COUNT I
### TORTIOUS INTERFERENCE WITH
### CONTRACT & BUSINESS EXPECTANCY

40.    Konya Sands restates the allegations set forth in the preceding paragraphs of this Complaint.

41.    Konya Sands had a valid and enforceable purchase order contract with the Customer for the sale of 33,000 tons of sand.

42.    Konya Sands further had a valid business expectancy with the Customer for the sale of 33,000 tons of sand.

43.    American Silica had knowledge of Konya Sands' contract, relationship and business expectancy with the Customer.

44.    American Silica intentionally interfered with and disrupted Konya Sands' contractual relationship and business expectancy with the Customer by disseminating false and misleading information about Konya Sands, instigating regulatory inspections without cause, trespassing, damaging Konya Sands' property and otherwise harassing Konya Sands' operations.

45.    American Silica's improper interference caused the Customer to suspend or reduce its Purchase Order with Konya Sands, resulting in Konya Sands' inability to complete the order and loss of sales to American Silica.

46.    As a result of the American Silica's actions, Konya Sands has suffered damages in an amount to be determined at trial, but not less than is required for federal court diversity jurisdiction.

47.    American Silica is also liable to Konya Sands for punitive damages as it knew or should have known, in light of the surrounding circumstances, that its conduct would naturally and probably result in injury or damage to Konya Sands and, further, pursued a course of conduct for the purpose of causing injury to Konya Sands.

## COUNT II
## VIOLATION OF ARKANSAS'
## DECEPTIVE TRADE PRACTICES ACT

48.    Konya Sands restates the allegations set forth in the preceding paragraphs of this Complaint.

49.    American Silica violated the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101 *et seq.* (the "ADTPA").

50.    Specifically, American Silica disparaged the business of Konya Sands by false and/or misleading representations of fact in violation of Ark. Code Ann. § 4-44-107(a)(2) including, but not limited to, falsely reporting to the Customer, MSHA and ADEQ that Konya Sands' operations were unsafe and noncompliant with safety requirements.

51.    The ADTPA also contains a catch-all provision providing a private right of action for all deceptive trade practices in any business. Specifically, Ark. Code Ann. § 4-88-107(a)(10) prohibits "unconscionable, false, or deceptive act or practice in business, commerce, or trade." *Id.*

52.    "An act is unconscionable if it affronts the sense of justice, decency, and reasonableness." *GulfCo of Louisiana, Inc. v. Brantley,* 2013 Ark. 367, 430 S.W.3d 7 (2013).

53.    American Silica's conduct, as alleged herein, violated Ark. Code Ann. § 4-88-107(a)(10) by unconscionably, falsely, and deceptively informing the Customer, MSHA, ADEQ and others that Konya Sands was operating in an unsafe and noncompliant manner.

54.     American Silica's conduct, as alleged herein, further violated Ark. Code Ann. § 4-88-107(a)(10) by falsely and deceptively entering Konya Sands' property and mining sites under false pretenses and for the purpose of taking photographs in an effort to tortiously interfere with Konya Sands' operations, business expectancies and relationships and prospective business relationships.

55.     American Silica's conduct, as alleged herein, further violated Ark. Code Ann. § 4-88-107(a)(10) by unconscionably scattering nails along roadways in an effort to interfere with Konya Sands' operations and fulfillment of the Purchase Order and, upon information and belief, cutting the lock on Konya Sands' Newport access gate during the weekend of August 9–10, 2025.

56.     As a result of American Silica's unconscionable, false, and deceptive acts, Konya Sands suffered an actual financial loss in an amount to be determined at trial, but not less than is required for federal court diversity jurisdiction.

57.     Pursuant to Ark. Code Ann. § 4-88-113(f)(3), Konya Sands is entitled to an award of its reasonable attorney's fees.

## COUNT III
## DEFAMATION

58.     Konya Sands restates the allegations set forth in the preceding paragraphs of this Complaint.

59.     American Silica, through its employees and agents, made false and defamatory statements of fact about Konya Sands including, but not limited to, assertions that Konya Sands' employees engaged in unsafe work practices and that Konya Sands' operations violated environmental standards.

60.    The false statements of fact published by American Silica were defamatory.

61.    American Silica published these false statements to third parties, including Konya Sands' Customer and regulatory agencies, with knowledge that the statements were false or with negligence in failing to determine the truth of the statements prior to their publications.

62.    The defamatory statements made by American Silica tended to harm Konya Sands' reputation in the industry, deter customers from dealing with Konya Sands, and impute unsafe and unlawful practices to Konya Sands' operations.

63.    As a direct and proximate result of American Silica's defamatory statements, Konya Sands suffered, and will continue to suffer, damages in excess of what is required for federal court jurisdiction in diversity of citizenship actions, including lost sales, reputational harm, and economic injury.

64.    American Silica knew or should have known, in light of the surrounding circumstances, that its conduct would naturally and probably result in injury or damage to Konya Sands and, further, pursued a course of conduct for the purpose of causing injury to Konya Sands. American Silica's conduct was willful, malicious, and in conscious disregard of Konya Sands' rights, entitling Konya Sands to recover punitive damages in addition to compensatory damages.

## COUNT IV
## TRESPASS

65.    Konya Sands restates the allegations set forth in the preceding paragraphs of this Complaint.

66.    Konya Sands is the lawful owner and possessor of the real property comprising its Newport and Cave City sites.

67.    American Silica, by and through its officers, employees, and agents, intentionally and without consent entered upon Konya Sands' real property, including but not limited to:

      a. On or about August 2, 2025, when an American Silica salesperson misrepresented himself as affiliated with a trucking company and entered Konya Sands' Newport site to take photographs;

      b. On or about August 14, 2025, when American Silica's general manager was observed driving onto the Cave City site and fled when approached;

      c. On multiple occasions when vehicles associated with American Silica were observed on or near Konya Sands' properties photographing operations; and

      d. Cutting the lock on Konya Sands' Newport access gate during the weekend of August 9–10, 2025.

68.    American Silica's entries and intrusions were unauthorized, intentional, and unlawful, constituting trespass under Arkansas law.

69.    As a direct and proximate result of American Silica's trespass, Konya Sands sustained damages in an amount that exceeds what is required for federal court jurisdiction in diversity of citizenship actions including, but not limited to: (a) costs incurred to investigate, monitor, and secure its sites; (b) interruption and disruption of business operations, including fulfilment of the Purchase Order; (c) harm to its contractual performance and business relationships; and (d) loss of profits, goodwill, and competitive standing in the industry.

70.    American Silica's conduct was willful, malicious, and undertaken with intent to interfere with Konya Sands' operations. Accordingly, Konya Sands is entitled to recover both compensatory damages for actual harm suffered and punitive damages to deter and punish American Silica's misconduct.

## COUNT V
## CRIMINAL TRESPASS

71.    Konya Sands restates the allegations set forth in the preceding paragraphs of this Complaint.

72.    American Silica purposely entered upon the real property owned by Konya Sands when not licensed or privileged to enter or remain upon the premises.

73.    American Silica's conduct constitutes criminal trespass under Ark. Code Ann. § 5-39-203(a)(2).

74.    Konya Sands was damaged and aggrieved by American Silica's criminal trespass in an amount that exceeds what is required for federal court jurisdiction in diversity of citizenship actions.

75.    Pursuant to Ark. Code Ann. § 5-39-203(f), Konya Sands is entitled to recover: (a) actual damages caused by American Silica's violation of Ark. Code Ann. § 5-39-203, (2) reasonable attorney's fees; and (3) punitive damages.

76.    Konya Sands reserves the right to plead further in this matter.

## <u>DEMAND FOR JURY TRIAL</u>

77.    Konya Sands requests trial by jury.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, Konya Sands LLC, respectfully prays that judgment be entered against the Defendant, American Silica, LLC and, specifically, requests that:

(a) The Court grant judgment in favor of Plaintiff against the Defendant for the misconduct complained of herein and award Plaintiff damages in an amount that exceeds what is required for federal court jurisdiction in diversity of citizenship actions;

(b) The Court award Plaintiff punitive damages against the Defendant as requested herein;

(c) The Court award Plaintiff its costs and reasonable attorneys' fees; and

(d) The Court award Plaintiff pre- and post-judgment interest and all other just and proper relief to which it may be entitled.

Respectfully submitted,

GILL RAGON OWEN, P.A.
425 West Capitol Avenue, Suite 3800
Little Rock, Arkansas 72201
Tel: (501) 376-3800
Fax: (501) 372-3359
dowens@gill-law.com

By: _____
Danielle W. Owens, Ark. Bar No. 2009192



# Purchase Order

**Date:** 07/25/2025
**P.O.:** 4518229611

| | |
|---|---|
| **Vendor:** | Konya Sands LLC |
| | 16849 S. Yale Ave |
| | Bixby, OK 74008 |

**Ship From:** Arkansas

| Shipping Method | Shipping Terms | - | Delivery Date |
|---|---|---|---|
| Truck | 30 day terms | | 7/28/2025 |

| Qty | Item # | Description | Job | Unit Price | Line Total |
|---|---|---|---|---|---|
| 13,000.00 | 100 | 100 Mesh | Flywheel (Konya Mine) | $    32.00 | $    416,000.00 |
| | | | **700 tpd** | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| | |
|---|---|
| Subtotal | $   416,000.00 |
| Sales Tax | |
| Total | $   416,000.00 |

Send all correspondence to:

_____  _____
Authorized by                    **7/25/2025**
                                                    Date

210 S. Carancahua Suite 600, Corpus Christi, Texas 78401. 361.884.4096

**PLAINTIFF'S EXHIBIT**

**1**

# Purchase Order

**Date:** 07/25/2025
**P.O.:** 4518229612

| | | | |
|---|---|---|---|
| **Vendor:** | Konya Sands LLC<br>16849 S. Yale Ave<br>Bixby, OK 74008 | **Ship From:** Arkansas | |

| Shipping Method | Shipping Terms | | Delivery Date |
|---|---|---|---|
| Truck | 30 day terms | | 7/28/2025 |

| Qty | Item # | Description | Job | Unit Price | Line Total |
|---|---|---|---|---|---|
| 20,000.00 | 40/70 | 40/70 Premium White | Flywheel (Konya Mine) | $ 31.00 | $ 620,000.00 |
| | | | **800 tpd** | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Subtotal | $ 620,000.00 |
| | | | | Sales Tax | |
| | | | | Total | $ 620,000.00 |

Send all correspondence to:

Authorized by

**7/25/2025**
Date

Konya Sands LLC
304 N Broadway Avenue
Coweta, OK 74429

August 5, 2025

**_VIA OVERNIGHT MAIL_**
American Silica, LLC
311 N. Broad Street
Brooksville, FL 34601
Attn. Daniel J. Cook, Manager, Executive Vice President and Chief Operating Officer

Copy to:
American Silica, LLC
211 N. Broadway
Suite 2850
St. Louis, MO 63102
Attn. Timothy D. Lochridge, Manager and Florida Registered Agent

American Silica, LLC
85 Lawrence County Road 205
Black Rock, AR 72415
Attn. Timothy D. Lochridge, Arkansas Registered Agent

Dear Mr. Cook:

I am legal counsel for Konya Sands LLC.

On or about Saturday, August 2, 2025, an individual later identified as a salesperson for American Silica LLC ("American Silica") showed up at Konya Sands LLC's ("Konya Sands") location in Newport, Arkansas unannounced and uninvited. The salesperson misrepresented himself as being associated with a trucking company hauling loads from the site, drove around the site and took pictures of Konya Sands' ongoing operations.   Later, the salesperson contacted Konya Sands' customers and prospective customers, ███████████████████ respectively, disparaging Konya Sands' operations in a shameless attempt to interfere with Konya Sands' current and future business.

What took place is completely unacceptable and must never happen again. First and foremost, having an unauthorized vehicle driving around while active operations are taking place is extremely dangerous.  As miners yourselves, this should be obvious to you.  These actions also expose American Silica to criminal and civil liability for, among other things, trespass, misappropriation of trade secrets and tortious interference with contract.

**PLAINTIFF'S EXHIBIT**

**2**

Given the liability associated with these actions and American Silica's presumed sophistication as an experienced operator, Konya Sands assumes that these were the actions of a rogue employee acting on his own initiative rather than at the direction of American Silica.  Nevertheless, now that American Silica is on notice, we expect that it will provide the appropriate training and guidance to its employees such that this never happens again.

American Silica is hereby further advised that should a single ton of silica sand sales be lost because of these actions, Konya Sands will immediately file a lawsuit without further notice or warning.  And, given the willful and reckless nature of American Silica's actions, Konya Sands will seek punitive damages.

Konya Sands trusts that its position with respect to this matter is crystal clear and reserves all rights.


Kind regards,

*Jonathan Isaac*

**Jonathan Isaac**

**Konya Sands LLC | Chief Legal Officer**

**j.isaac@konyamining.com**

(904)-534-4659

HAZARD COMPLAINT PROCEDURES HANDBOOK

Appendix C

## COMPLAINT ALLEGATIONS AND FINDINGS

Complaint ID: <u>2696131</u>                    Mine ID:          <u>03-01970</u>

Date of Complaint: <u>08/04/2025</u>          Operator:  Konya Sands
System Assigned ID: _____Mine Name: Newport


                                        Contractor ID:

Event No.: __<u>6938281</u>_____Contractor:


**Allegation # 1 – Proper PPE not being utilized while loading sand boxes.**

**Allegation Findings - Negative**

**Allegation #2 - Proper PPE not being utilized while in buildings at the mine.**

**Allegation Findings – Negative**

PLAINTIFF'S
EXHIBIT

**3**
_____

MSHA Form 7000-35, Nov. 2002

| Complaint ID | 2696131 | Mine ID | 0301970 |
| Date of Complaint | 8/4/2025 | Operator | Konya Sands LLC |
| Contractor ID | | Mine Name | Newport |
| Contractor | | | |

☐ Show Findings

---

**Allegation #1**

Proper PPE not being utilized while loading sand boxes.

---

**Allegation #2**

Prope PPE not being utilized while in buildings at the mine.



# U.S. Department of Labor
## Mine Safety and Health Administration

## Thomas J. Kelly
**Supervisory Mine Safety and Health Inspector**
**Little Rock Field Office**

700 West Capital Street
Room: 2420
Little Rock, AR 72201

Phone: (501)-324-5281
Fax:     (501)-324-5394
Email: kelly.thomas@dol.gov